IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY WOODCOCK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 17-3105-CV-S-BP |
| ) | |
| FEDEX GROUND PACKAGE ) | |
| SYSTEMS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER AND OPINION DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE

This is a wrongful death action arising from a motor vehicle accident. Plaintiffs have filed a Motion to Strike, (Doc. 61), contending that certain defenses asserted in the Answer filed by Defendant Rightway Trucking Corp. ("Rightway") are invalid as a matter of law. Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART.**

### I. BACKGROUND

This is a wrongful death suit. Plaintiffs Tiffany and Dennis Woodcock are the parents of the decedent, Samantha Woodcock. Tiffany[1] was driving a Jeep Renegade eastbound on I-44; Samantha was one of the passengers. Defendant Marat Kumaev was driving westbound on I-44 in a tractor-trailer owned or leased by Defendant FedEx Ground Package Systems, ("FedEx"), and was towing two trailers. Kumaev drove into another car traveling westbound on I-44, then veered across the median and onto the eastbound lanes of I-44 where he collided with the Jeep Tiffany was driving. Samantha died as a result of the injuries she suffered in the accident.

Plaintiffs instituted suit in state court, but the case was removed to federal court (with jurisdiction premised on 28 U.S.C. § 1332(a)). In October 2017, Plaintiffs filed an Amended

---

[1] The Court will use first names to differentiate members of the Woodcock family.

Complaint that added Rightway as a Defendant.  (Doc. 37.)  Rightway's Answer, (Doc. 58), contains eight affirmative defenses.  The Third Affirmative Defense alleges that an award of punitive damages or damages for aggravating circumstances would violate the Constitution.  The Fourth Affirmative Defense seeks to "compare and apportion the relative fault of all parties . . . and any non-named potential defendants . . . ."  Plaintiffs have filed a Motion to Strike, arguing that these two defenses are not legally viable.

The Third Affirmative Defense has appeared in the Answers of other Defendants, and the Court has twice rejected Plaintiffs' arguments that it should be struck.  (Doc. 27, pp. 5-6; Doc. 47, p. 3.)  As the Court stated the last time Plaintiffs raised this argument, "Plaintiffs provide no reason for the Court to reach a different conclusion."  (Doc. 47, p. 3.)  Plaintiffs' request to strike Rightway's Third Affirmative Defense is denied for the reasons previously stated.

Plaintiff argues the Fourth Affirmative Defense is invalid because it seeks to compare the fault of non-parties as well as parties, and Missouri's wrongful death statute only allows consideration of the fault of parties.  (Doc. 61, pp. 2-3.)  Rightway "agrees that it cannot have fault apportioned to non-parties under Missouri law."  (Doc. 63, p. 2.)  Therefore, the Fourth Affirmative Defense is struck, but only to the extent that it seeks apportion fault to non-parties.

**IT IS SO ORDERED.**

DATE:  February 16, 2018

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT